IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 21-51345-jrs |
| LARRY DARNELL GORE, JR., | CHAPTER: 13 |
| Debtor. | JUDGE: JAMES R. SACCA |
| NAVY FEDERAL CREDIT UNION, | CONTESTED MATTER |
| Movant, | |
| v. | |
| LARRY DARNELL GORE, JR., Debtor
NANCY J. WHALEY, Trustee, | |
| Respondent(s). | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that the Movant named above has filed a Motion to Approve Loan Modification and related papers with the Court seeking an Order Approving a Loan Modification.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in Courtroom 1404, United States Courthouse, 75 Ted Turner Drive SW, Atlanta, GA 30303, at 9:40 A.M., on July 7, 2021.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings, or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 75 Ted Turner Drive SW, Room 1340, Atlanta, GA 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top

of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.

Brian K. Jordan, Bar No.: 113008
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: bjordan@aldridgepite.com

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 21-51345-jrs |
| LARRY DARNELL GORE, JR., | CHAPTER: 13 |
| Debtor. | JUDGE: JAMES R. SACCA |
| NAVY FEDERAL CREDIT UNION, | CONTESTED MATTER |
| Movant, | |
| v. | |
| LARRY DARNELL GORE, JR., Debtor NANCY J. WHALEY, Trustee, | |
| Respondent(s). | |

## MOTION TO APPROVE LOAN MODIFICATION

COMES NOW Movant named above and shows this Court the following:

1.      This is a Motion to approve a loan modification retroactively.

2.      Movant is the holder of a loan secured by certain real property in which the Debtor

has an interest. Said real property is security for a Promissory Note, and is commonly known as

198 Melody Lane, Lawrenceville, Georgia 30043.

3.      The Loan Modification Agreement provides for a lower interest rate. A copy of the

Loan Modification Agreement is attached hereto as **Exhibit A** and incorporated herein by

reference.

4.      The Loan Modification Agreement terms are described more fully below:

| Original Loan Terms | | Modified Loan Terms | |
|---|---|---|---|
| Principal Balance | $67,796.51 | Principal Balance | $67,796.51 |
| Deferred Principal Balance | $0.00 | Deferred Principal Balance | $0.00 |
| Balloon Payment | $0.00 | Balloon Payment | $0.00 |
| Total Monthly P&I Payment | $689.73 | Total Monthly P&I Payment | $485.72 |
| Total Monthly Payment (including escrow impounds) | $689.73 (including $0.00 monthly escrow payment) | Total Monthly Payment (including escrow impounds) | $485.72 (including $0.00 monthly escrow payment) |
| Maturity Date | 4/1/2034 | Maturity Date | 5/1/2041 |
| Term of Note | 180 months | Term of Note | 240 months |
| Interest Rate | 8.51% | Interest Rate | 6.00% |
| Fixed or Adjustable | Fixed | Fixed or Adjustable | Fixed |

| Years | Interest Rate | Total P&I Payment |
|---|---|---|
| 1-Maturity | 6.00% | $485.72 |

5.     Movant believes that it is the parties' best interest to ratify the loan modification and seeks approval retroactively.

WHEREFORE, Movant prays that its Motion be granted, and that it have such other and further relief as is just and equitable.

Brian K. Jordan, Bar No.: 113008
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: bjordan@aldridgepite.com

# Note

| February 25, 2019 | Atlanta | Georgia |
|---|---|---|
| [Date] | [City] | [State] |

198 Melody Lane, LAWRENCEVILLE, GA 30043
[Property Address]

**1. Borrower's Promise to Pay.** In return for a loan that I have received, I promise to pay U.S. $70,000.00 (this amount will be called *"Principal"*), plus interest, to the order of the Lender. The Lender is Navy Federal Credit Union. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note will be called the *"Note Holder."*

**2. Interest.** I will pay interest at a yearly rate of 8.760%. Interest will be charged on unpaid principal until the full amount of principal has been paid.

**3. Payments.** I will pay principal and interest by making payments each month of U.S. $700.03.

I will make payment on the 1st day of each month beginning on May 1, 2019. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If on April 1, 2034, I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at 820 Follin Lane, Vienna, VA 22180 or at a different place if required by the Note Holder.

### 4. Borrower's Failure to Pay as Required.

**(A) Late Charge for Overdue Payments.** If the Note Holder has not received the full amount of any of my monthly payments by the end of fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 4.000% of my overdue payment, but not less than U.S. $ NA and not more than U.S. $ NA. I will pay this late charge only once on any late payment.

**(B) Notice from Note Holder.** If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default.** If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses.** If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, **reasonable attorneys' fees.**

**5. This Note Secured by a Deed.** In addition to the protections given to the Note Holder under this Note, a Security Deed, dated February 25, 2019, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.

**6. Borrower's Payments Before They Are Due.** I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a *"Prepayment."* When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a *"Full Payment."* A prepayment of only a part of the unpaid principal is known as a *"Partial Prepayment."*

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing

Second Mortgage Loan-GA

Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

Amended 7/02
03/2017
Page 1 of 2

to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7. Borrower's Waivers.** I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as *"Presentment"*); (B) to give notice that amounts due have not been paid (known as *"Notice of Dishonor"*); (C) to obtain an official certification of nonpayment (known as a *"Protest"*). Anyone else who agrees to keep the promises made in this Note, or who agrees to make the payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as *"Guarantors, Sureties and Endorsers."*

**8. Giving of Notices.** Any notice that must be give to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. Responsibility of Persons Under This Note.** If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

WITNESS the hands and seals of the undersigned.

**Borrower**

LARRY D GORE, Jr                        *Seal*
[Sign Original Only]

Loan Origination Organization: Navy Federal Credit Union

NMLS █

Loan Originator: William Maksymiec

NML █

Second Mortgage Loan-GA

Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015

1/90
Amended 7/02
03/2017
Page 2 of 2

## Note Addendum for Automatic Payment

I/we hereby agree and acknowledge that the "Interest" and "Payments" paragraphs found on page 1 of the Note is amended as follows:

### 2. INTEREST

I will pay interest at a yearly rate of 8.510%.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $689.73 .

I will make my payments on the 1st day of each month beginning on May 1, 2019. I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If on April 1, 2034 I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at 820 Follin Lane, Vienna, VA 22180 or at a different place if required by the Note Holder.

In addition, I/we understand that the interest rate outlined in the paragraph titled "Interest" of the Note Addendum, includes a discount for having the Fixed Equity Loan payment automatically deducted from a Navy Federal checking account.

I/we understand that if, for any reason, the payments on this loan 8031543021 cease to be automatically deducted from a Navy Federal checking account, I/we may no longer receive the discount disclosed on the Note Addendum. Those reasons include, but are not limited to:

• Closure of the Navy Federal checking account from which this payment is being automatically deducted;
• Authorizing Navy Federal to stop the payments on this loan from being automatically deducted from my Navy Federal checking account; or
• Having insufficient funds in my Navy Federal checking account to make the full payment on this loan.

I/we also understand that once this discount is discontinued for any reason, this loan may no longer be eligible for further discounts.

I/we have read and understand this Addendum, and agree to adhere to the terms and conditions stated herein and in the Note, of which this Addendum is a part.

_____
LARRY D GORE, Jr

02/25/19
Date

_____
Date

DOC

LOAN#:

s: 11 Fees: $ 30.00

, Clerk of Superior Court

Gwinnett County, Georgia

First American Title
4795 Regent Blvd
Irving, TX 75063-9823

**Return To:** Navy Federal Credit Union

P.O. Box 3340

Merrifield, VA 22119

# Security Deed

THIS DEED is made this 25th day of February, 2019, between the Grantor, LARRY D GORE JR, AKA LARRY D. GORE (herein *"Borrower"*) and the Grantee, Navy Federal Credit Union, a corporation organized and existing under the laws of United States of America, whose address is 820 Follin Lane, Vienna, VA 22180 (herein *"Lender"*).

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $70,000.00 which indebtedness is evidenced by Borrower's note dated February 25, 2019 and extensions and renewals thereof (herein *"Note"*), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on April 1, 2034;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed to Secure Debt; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the County of GWINNETT, State of Georgia: ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 29 OF THE 7TH DISTRICT, GWINNETT COUNTY, GEORGIA, BEING LOT 14, BLOCK C, COLLINS HILL HEIGHTS SUBDIVISION, UNIT III, AS PER PLAT RECORDED IN PLAT BOOK 70, PAGE 27, GWINNETT COUNTY, GEORGIA RECORDS, WHICH RECORDED PLAT IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS DESCRIPTION. PPN: R7029 347

which has the address of 198 Melody Lane [Street] LAWRENCEVILLE [City], Georgia 30043 [Zip Code] (herein *"Property Address"*);

TO HAVE AND TO HOLD such property unto Lender and Lender's successors and assigns forever, together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered

Second Mortgage-GA
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2013

1/80
11/2017
Page 1 of 8

by this Deed; and all of the foregoing, together with said property (or the leasehold estate if this Deed is on a leasehold) are hereinafter referred to as the *"Property"*.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein *"Funds"*) equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior security deed, mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or

Second Mortgage-GA
Bankers Systems™ VMP56
Wolters Kluwer Financial Services © 2013

1/80
11/2017
Page 2 of 8

its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Deeds to Secure Debt; Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term *"extended coverage"*, and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed is on a leasehold. If this Deed is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Second Mortgage-GA
Bankers Systems ™ VMP®
Wolters Kluwer Financial Services © 2013

1/80
11/2017
Page 3 of 8

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any security deed, mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed, but does not execute the Note, (a) is co-signing this Deed only to grant and convey that Borrower's interest in the Property to Lender under the terms of this Deed, (b) is not personally liable on the Note or under this Deed, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed. In the event that any provision or clause of this Deed or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provision, and to this end the provisions of this

Second Mortgage-GA
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2013

1/80
11/2017
Page 4 of 6

Deed and the Note are declared to be severable. As used herein, *"costs"*, *"expenses"* and *"attorneys' fees"* include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Deed. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Deed.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Deed. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Deed without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed, including the covenants to pay when due any sums secured by this Deed, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed to be immediately due and payable without further demand and may invoke the power of sale herein granted (and Borrower hereby appoints Lender the agent and attorney-in-fact for Borrower to exercise said power of sale) and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**

**If Lender invokes the power of sale, Lender shall mail a copy of a notice of sale to Borrower in the manner provided in paragraph 12 hereof and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels**

Second Mortgage GA
Bankers Systems ™ VMP®
Wolters Kluwer Financial Services © 2013

1/80
11/2012
Page 5 of 8

and in such order as Lender may determine. Lender or Lender's designee may purchase the Property at any sale.

Lender shall deliver to the purchaser Lender's deed to the Property in fee simple and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed; and (c) the excess, if any, to the person or persons legally entitled thereto. The power and agency hereby granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of said indebtedness as provided by law.

If the Property is sold pursuant to this paragraph 17, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed or (ii) entry of a judgment enforcing this Deed if: (a) Borrower pays Lender all sums which would be then due under this Deed and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Deed, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed shall continue unimpaired. Upon such payment and cure by Borrower, this Deed and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignments of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Deed, Lender shall cancel this Deed without charge to Borrower. Borrower shall pay all costs of recordation, if any.

Second Mortgage-GA
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2013

-780
11/2017
Page 6 of 8

**21. Assumption Not a Novation.** Lender's acceptance of an assumption of the obligations of this Deed and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

**22. Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

**23. Deed to Secure Debt.** This conveyance is to be construed under the existing laws of the State of Georgia as a security deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

**REQUEST FOR NOTICE OF DEFAULT AND
FORECLOSURE UNDER SUPERIOR SECURITY
DEEDS, MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any security deed, mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Deed to give Notice to Lender, at Lender's address set forth on page one of this Security Deed, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, BORROWER has executed and sealed this Deed.

**Borrower**

02/25/19

**LARRY D. GORE, JR. AKA LARRY D. GORE** Date
*Seal*

**Signed, sealed and delivered in the presence of:**

Unofficial Witness

Charles Jenkins

Second Mortgage-GA
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2013

VMG
11/2017
Page 7 of 8

Signed, sealed and delivered in the presence of:

_____
*(Unofficial Witness)*

Charles Jenkins
_____
*(Print Name)*

_____
Notary Public

Terry Yoon
_____
*(Print Name)*

State of Georgia

County of ~~Fulton~~ Gwinnett

My commission expires:    12-8-22

Loan Origination Organization: Navy Federal Credit       Loan Originator: William Maksymiec
Union                                                     NMLS ID: ███████

NMLS ID: ███████

# Waiver of Borrower's Rights

**Lender**

Navy Federal Credit Union
820 Follin Lane
Vienna, VA 22180

**Grantor**

LARRY D GORE, Jr
198 Melody Lane
LAWRENCEVILLE, GA 30043

**Borrower**

LARRY D GORE, Jr
198 Melody Lane
LAWRENCEVILLE, GA 30043

**Property Address:** 198 Melody Lane,
LAWRENCEVILLE, GA 30043

**Date of Security Deed:** February 25, 2019

**Loan Num** ▓▓▓▓▓▓▓▓

## WAIVER OF GRANTOR'S RIGHTS

BY EXECUTION OF THIS PARAGRAPH, GRANTOR EXPRESSLY: (1) ACKNOWLEDGES THE **RIGHT TO ACCELERATE** THE DEBT AND THE **POWER OF ATTORNEY** GIVEN HEREIN TO LENDER TO SELL THE PREMISES BY NONJUDICIAL FORECLOSURE UPON DEFAULT BY GRANTOR WITHOUT ANY JUDICIAL HEARING AND WITHOUT ANY NOTICE OTHER THAN SUCH NOTICE AS IS REQUIRED TO BE GIVEN UNDER THE PROVISIONS HEREOF; (2) **WAIVES** ANY AND ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO LENDER, EXCEPT SUCH NOTICE AS IS SPECIFICALLY REQUIRED TO BE PROVIDED HEREOF; (3) ACKNOWLEDGES THAT GRANTOR HAS READ THIS DEED AND SPECIFICALLY THIS PARAGRAPH AND ANY AND ALL QUESTIONS REGARDING THE LEGAL EFFECT OF SAID DEED AND ITS PROVISIONS HAVE BEEN EXPLAINED FULLY TO GRANTOR AND GRANTOR HAS BEEN AFFORDED AN OPPORTUNITY TO CONSULT WITH COUNSEL OF GRANTOR'S CHOICE PRIOR TO EXECUTING THIS DEED; (4) ACKNOWLEDGES THAT ALL WAIVERS OF THE AFORESAID RIGHTS OF GRANTOR HAVE BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY GRANTOR AS PART OF A BARGAINED FOR LOAN TRANSACTION; AND (5) AGREES THAT THE PROVISIONS HEREOF ARE INCORPORATED INTO AND MADE A PART OF THE SECURITY DEED.

READ AND AGREED BY GRANTOR:

**Grantor**

_(signature)_ 02/25/19

**LARRY D. GORE, JR. AKA LARRY D. GORE Date**
_Seal_

Signed, sealed and delivered in the presence of:

_____
(Unofficial Witness)

_Charles Jenkins_
(Print Name)

_____
Notary Public

_Terry Yeom_
(Print Name)

State of Georgia

County of ~~Fulton~~ Gwinnett

My commission expires: _12-8-22_

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed to Secure Debt and "Waiver of the Borrower's Rights" by the Borrower(s), I reviewed with and explained to the Borrower(s) the terms and provisions of the Deed to Secure Debt and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with the "Waiver of Borrower's Rights" and informed the Borrower(s) of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower(s) of Borrower's rights. After said review with and explanation to Borrower(s), Borrower(s) executed the Deed to Secure Debt and "Waiver of Borrower's Rights."

Based on said review with and explanation to the Borrower(s), it is my opinion that Borrower(s) knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

_____
**Closing Attorney**

Sworn to and subscribed before me on the date set forth above.

_____
**Notary Public**

Kevin Kim
Notary Public, Gwinnett County, GA
My Commission Expires July 13, 2019

## FORECLOSURE CLOSING DISCLOSURE

**O.C.G.A. Section 7-1-1014(3) requires that we inform you that if you fail to meet any condition or term of the documents that you sign in connection with obtaining a mortgage loan you may lose the property that serves as collateral for the mortgage loan through foreclosure.**

Borrower

_____  02/25/19

**LARRY D. GORE, JR. AKA LARRY D. GORE** Date

Richard T. Alexander, Jr.
Clerk of Superior Court
**Gwinnett County Georgia**

P.O. Box 2050
Lawrenceville, GA 30046
(770) 822-8100

**Product**
SD

**Name**
SECURITY DEED

| | |
|---|---|
| Document # | |
| Document Info: | |
| Document Info: | |
| # Pages | |
| Borrowed Amount | $70,000.00 |
| Tax District | X |
| Exemption Reason | B |
| Document Date | 4/25/19 |
| Maturity Date | 5/1/34 |
| Tax Payment Under Protest | false |
| Penalty Under Protest | false |

**Extended**
$30.00

$30.00
$30.00

**Total**
Tender (Check)
Check Number
Paid By

Loan 
Navy Federal Credit Union
820 Follin Lane SE
Vienna, VA 22180-4907

Prepared by: Stacy Barton

_____ [Space Above this Line for Recording Data] _____

## COVID-19 LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this **23** day of **April, 2021** between **LARRY D GORE JR** ("Borrowers") and **Navy Federal Credit Union** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust or Deed to Secure Debt (the "Security Instrument"), recorded in the respective land records office for the Property and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

### 198 MELODY LANE LAWRENCEVILLE, GA 30043
**(Property Address)**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (not withstanding anything to the contrary contained in the Note or Security Instrument):

1.  As of **06/01/21**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$67,796.51** consisting of the amount(s) loaned to the Borrower by the Lender.

2.  The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender. Interest is modified to **6.000%**. The Borrower promises to make monthly payments of principal and interest of U.S. **$485.72** beginning on the **1st day of June, 2021**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **05/01/41** ("Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, the Borrower will pay these amounts in full on the Maturity Date.

3.  If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in the Borrower is sold or transferred and the Borrower is not a natural person) without the Lender's prior written consent, the Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. If the Lender exercises this option, the Lender shall give the Borrower notice of acceleration. The notice shall provide a period of not less then 30 days from the date the notice is delivered or mailed within which the Borrower must pay all sums secured by this Security Instrument. If the Borrower fails to pay these sums prior to the expiration of this period, the Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on the Borrower.

4.  The borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that the Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null, and void, as of the date specified in paragraph No.1 above:

a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

b) all terms and provisions of any adjustable rate rider or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note and Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

_____
Lender: Navy Federal Credit Union

By: Shannon Giannini

_____
Date

_____ (Seal)
LARRY D GORE JR

04 | 27 | 2021
Date

_____ (Seal)

_____
Date

Federally insured by NCUA.
© 2020 Navy Federal NFCU 40710-CVD20 (6-20)
Page 2 of 2

Navy Federal Loan Number

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:                                                    Case No. 21-51345-JRS

LARRY DARNELL GORE, JR.,                  Chapter 13

                    Debtor.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify under penalty of perjury that I am, and at all times hereinafter

mentioned, was more than 18 years of age, and that on May 26, 2021, I caused the **Notice of**

**Hearing and Motion to Approve Loan Modification** to be served which was filed in this

bankruptcy matter on May 27, 2021, in the manner indicated:

**The following parties have been served by the Court by the virtue of their participation in
the CM/ECF system**:

John Gerard Brookhuis                        Nancy J. Whaley

**The following parties have been served via U.S. First Class Mail**:

Larry Darnell Gore, Jr.
198 Melody Lane
Lawrenceville, GA 30043

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE**

**AND CORRECT.**

Dated: May 28, 2021

Brian K. Jordan, Bar No.: 113008
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500  Atlanta, GA
30305
Phone: (404) 994-7400
Fax: (619) 590-1385
Email: bjordan@aldridgepite.com